IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| SEASONS USA, INC. and<br>SEASONS (HK) LTD..<br><br>*Plaintiffs,*<br><br>v.<br><br>L.T.D. COMMODITIES LLC d/b/a<br>THE LAKESIDE COLLECTION,<br><br>*Defendant.* | §§§§§§§§§§§§§ CIVIL ACTION NO. 2:22-cv-400<br>JURY DEMAND |

## PLAINTIFFS' ORIGINAL COMPLAINT

Plaintiffs Seasons USA, Inc. and Seasons (HK) Ltd. (collectively "**Plaintiffs**" or "**Seasons**") file this, their Original Complaint. Seasons assert a claim for infringement of U.S. Copyright Nos. VAu 1-231-331, VAu 1-367-956, and VAu 1-429-601 (collectively, the "**Copyrights**") by Defendant L.T.D. Commodities LLC d/b/a The Lakeside Collection ("**LTD**" or "**Defendant**"). In support thereof, Seasons would respectfully show the Court the following:

### PARTIES

1. Plaintiff Seasons USA, Inc. is a New York corporation with its principal place of business in Arkansas. Seasons USA, Inc. owns the Copyrights.

2. Plaintiff Seasons (HK) Ltd. is a company based in Hong Kong with its principal place of business located in Hong Kong. Seasons (HK) Ltd. licenses the Copyrights pursuant to which it manufactures and sales products that are covered by the Copyrights.

3. Defendant LTD is an Illinois corporation with its principal place of business located at 200 Tristate Intl, Linconshire, Illinois, 60069. LTD does business in the State of Texas and

within the Eastern District of Texas.  LTD may be served through its registered agent, Illinois Corporation Service Company, located at 801 Adlai Stevenson Drive, Springfield, IL 62703.

## JURISDICTION AND VENUE

4. This Court has original subject matter jurisdiction over this case under 28 U.S.C. § 1338, as this action arises in part under the Copyright Act, 17 U.S.C. §§ 101, et seq., and 28 U.S.C. § 1331.

5. Venue is proper in this Court under 28 U.S. Code § 1400(a) as LTD may be found in the Eastern District of Texas due to its distribution of its catalogs and sale of infringing products within this district.  In particular, LTD systematically and continuously distributes products, including the infringing products discussed herein, throughout the Eastern District of Texas.

## FACTS

A. <u>Seasons and Its Copyrighted Works</u>

6. Seasons is a leading designer, manufacturer, and provider of Halloween products, including masks, costumes, and home decorations.  Seasons sells products through a wholesale channel, by which it supplies products to retail stores or other resellers, and a direct-to-consumer channel, whereby it sells products to consumers who purchase products using the Amazon.com platform.  Among other items, Seasons has created unique sculptures of animal skeletons that are marketed to consumers as decorations for display in connection with Halloween.  These items include: the Skeleton Fish, Puppy Bonez, Lil' Kitty Bonez, Bat Bonez, and Spider Bonez (the "**Works**").

7. The Works are wholly original works of authorship as defined by the Copyright Act, 17 U.S. Code § 102.

8. Seasons is the rightful owner of three registered copyrights for the Works and Seasons (HK) is the exclusive licensee of three registered copyrights for the Works: Registration No. VAu 1-231-331, titled "2016 Crazy Bonez Skeleton Animals," was registered on January 15, 2016, a copy of which is attached as Exhibit A; Registration No. VAu 1-367-956, titled "W80800 Giant Skull and 9 other Unpublished Works," was registered on June 17, 2019, a copy of which is attached as Exhibit B; and Registration No. VAu 1-429-601, titled "W80889 Foxy Bonez and 7 Other Unpublished Works" was registered on May 5, 2021, a copy of which is attached as Exhibit C (collectively, the "**Copyrights**").

9. Seasons manufactures, distributes, displays and sells the Works to consumers as decoration for display in connection to Halloween. As a result, the Halloween season is the busiest time during which Seasons sells the Works. Sales during this period account or the majority of Seasons' annual revenues.

B. LTD's Infringing Conduct

10. Defendant LTD does business as LTD Commodities and The Lakeside Collection. LTD is a division of Amerimark Interactive, Inc. In a recent press release, Amerimark Interactive reported that LTD generates approximately $300 million per year in revenue.

11. LTD sells Halloween-themed decorations and other products that are infringing copies of the Works (the "**Infringing Products**") through one or more published catalogs, (see for example, Exhibit E), and its websites, including those at https://www.lakeside.com and https://www.ltdcommodities.com.

12. Seasons recently received the August 2022 Edition of the Lakeside Collection Catalog (the "**Catalog**") from LTD (Exhibit E) and saw that it included products that appeared to be identical to the five Works. Indeed, LTD prominently displays reproductions of the Infringing

Products on the first two pages of the Catalog.  *Id.*  Seasons purchased each of the five Infringing Products available through LTD's website for inspection.  As shown below, the various samples inspected are direct copies of the Works.

**IMAGE 1:**



**IMAGE 2:**



4865-2348-8567v.2

**IMAGE 3:**



**IMAGE 4:**



**IMAGE 5:**



Attached as Exhibit D is a comparison of the Works and the Infringing Products.

13. LTD had previous knowledge of the Works. In the period between 2016 and 2019, representatives from LTD met with Seasons at its showroom in Hong Kong and were shown Seasons' full line of skeletons that included the Works.

14. LTD has used the Works without Seasons' authorization, consent, or knowledge, and without any compensation to Seasons.

15. LTD has copied and exploited the Works willfully, and in disregard of, and with indifference to, Seasons' rights. LTD engaged in this intentional and infringing conduct to reap the creative, artistic, and aesthetic benefit and value associated with the Works. By failing to obtain Seasons' authorization to use the Works or to compensate Seasons for the use, LTD has avoided paying license fees and other financial costs associated with obtaining permission to exploit the Works, as well as the restrictions that Seasons is entitled to and would place on any such exploitation as conditions for Seasons' permission, including the right to deny permission altogether. In addition, Seasons' business reputation and good will, both among its Wholesale Customers and among Customers, have been significantly injured. Seasons has seen significant declines in the sales of its actual products which corresponds with the increased proliferation of cheap knock-offs that have flooded the market. Further, Consumers have often been misled into believing that they were buying Seasons authorized products only to discover that, in fact, they were receiving inferior imitations.

16. As a result of LTD's actions described above, Seasons has been directly damaged, and is continuing to be damaged, by the unauthorized reproduction, sale, and distribution of the Works. LTD has never accounted to or otherwise paid Seasons for its use of the Works.

## COUNT ONE:  COPYRIGHT INFRINGEMENT

17. Seasons repeats and realleges the previous paragraphs hereof, as if fully incorporated herein.

18. The Works are original Halloween-themed decorations containing copyrightable subject matter for which copyright protection exists under the Copyright Act, 17 U.S.C. § 101, et. seq.  Seasons USA is the exclusive owner of rights under copyright in and to the Copyrights and Seasons (HK) is the exclusive licensee of rights under copyright in and to the Copyrights.  Seasons owns valid copyright registrations for the Works, attached as Exhibits A, B, and C.

19. Through LTD's conduct alleged herein, including LTD's reproduction, sale, and distribution of the Works without Seasons' permission, LTD has directly infringed Seasons' exclusive rights in the Works in violation of Section 501 of the Copyright Act, 17 U.S.C. § 501.

20. LTD's infringing conduct alleged herein was, and continues to be, willful and with full knowledge of Seasons' rights in the Works, and has enabled LTD illegally to obtain profit therefrom.

21. As a direct and proximate result of LTD's infringing conduct alleged herein, Seasons has been harmed and is entitled to damages in an amount to be proven at trial.  Pursuant to 17 U.S.C. § 504(b), Seasons is also entitled to recovery of LTD's profits attributable to LTD's infringing conduct alleged herein, including from any and all sales of the Infringing Works, and an accounting of and a constructive trust with respect to such profits.

22. Alternatively, Seasons is entitled to the maximum statutory damages pursuant to 17 U.S.C. § 504(c) for LTD's infringing conduct for each of Seasons' works that LTD has infringed, and for such other amount as may be proper pursuant to 17 U.S.C. § 504(c).

4865-2348-8567v.2

23. Seasons further is entitled to its attorneys' fees and costs pursuant to 17 U.S.C. § 505.

24. As a direct and proximate result of LTD's infringing conduct alleged herein, Seasons has sustained and will continue to sustain substantial, immediate, and irreparable injury, including irreparable injury to its business good will, for which there is no adequate remedy at law. Unless LTD's infringing conduct is enjoined by this Court, LTD will continue to infringe the Copyrights. Seasons therefore is entitled to permanent injunctive relief enjoining LTD's ongoing infringing conduct.

## PRAYER FOR RELIEF

Seasons respectfully requests the Court to:

1. Find that LTD has violated Section 501 of the Copyright Act (17 U.S.C. § 501);

2. After a trial on the merits, grant a permanent injunction against LTD, enjoining its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all of those in active concert and participation with any of the foregoing persons and entities who receive actual notice of the Court's order by personal service or otherwise, from:

   a. manufacturing, distributing, marketing, advertising, promoting, displaying, or selling or authorizing any third party to manufacture, distribute, market, advertise, promote, display, or sell any Works, including the Infringing Products; and

   b. aiding, assisting, or abetting any other individual or entity in doing any act prohibited by sub-paragraph (a).

3. Order LTD to provide an accounting of its profits attributable to its infringing conduct, including LTD's profits from sales and any other exploitation of the Copyrights, and any

products, works, or other materials that include, copy, are derived from, or otherwise embody the Works over the past four (4) years as well as the identities of the manufacturers or other source(s) of the Infringing Products;

4. In conjunction with or in addition to an injunction, grant a seizure and impoundment order under 17 U.S.C. § 503, ordering the United States Marshal to seize and take possession of all products or goods in the possession of LTD that infringe on any of the Season's Copyrights, as well as ordering LTD to turn over all copies and all means for reproducing copies of the infringing goods or products to the Court to be held for the duration of this case.  Moreover, upon final trial or other adjudication, Seasons requests the Court to order that all infringing products be turned over to it for purposes of being destroyed;

5. Order LTD, at its own expense, to recall the Infringing Products from any distributors, retailers, vendors, or others that have distributed the Infringing Products on LTD's behalf, and any products, works, or other materials that include, copy, are derived from, or otherwise embody the Works, and that LTD be ordered to destroy or deliver up for destruction all materials returned to it;

6. Award Seasons:

    a. LTD's profits obtained as a result of LTD's infringing conduct, including but not limited to all profits from sales and other exploitation of the Copyrights and any products, works, or other materials that include, copy, are derived from, or otherwise embody the Works, or in the Court's discretion, such amount as the Court finds to be just and proper;

    b. disgorgement of LTD's profits;

    c.    lost profits and/or other damages sustained by Seasons as a result of LTD's infringing conduct, in an amount to be proven at trial;

    d.    should Seasons so elect, statutory damages pursuant to 17 U.S.C. § 504(c) instead of actual damages or profits;

    e.    such enhanced damages or exemplary damages to which it may be entitled; and

    f.    Seasons' reasonable attorneys' fees and costs pursuant to 17 U.S.C. § 505.

7. Award Seasons interest, including pre-judgment and post-judgment interest, on the foregoing sums at the highest rates allowed by law; and

8. Award such other and further relief as the Court deems just and proper.

**A TRIAL BY JURY IS DEMANDED**.

Dated: October 12, 2022

Respectfully submitted,

By: /s/ *Steven N. Williams*
Steven N. Williams
Texas State Bar No. 21577625
swilliams@munsch.com
William Zac Duffy
Texas State Bar No. 24059697
zduffy@munsch.com

**MUNSCH HARDT KOPF & HARR, P.C.**
500 N. Akard Street, Suite 3800
Dallas, TX 75201
Telephone: (214) 855-7500
Facsimile: (214) 855-7584

**ATTORNEYS FOR PLAINTIFFS SEASONS USA, INC. AND SEASONS (HK) LTD.**

4865-2348-8567v.2